AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DONALD HIGGS III AND | ) | Case No.  22-MJ-6139-AOV |
| GARTH EWING, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 1 - 25, 2022_____ in the county of _____Broward and elsewhere_____ in the

_____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 846 | Conspiracy to Distribute a Controlled Substance to wit: cocaine |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Jamey Gavalier, DEA
*Printed name and title*

Sworn to before me and signed in my presence. by FACETIME  video.

Date:   _____March 25, 2022_____

_____
*Judge's signature*

City and state:   _____Fort Lauderdale, Florida_____     ALICIA O. VALLE, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jamey R. Gavalier, being duly sworn, depose and state as follows:

1.      I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"), currently assigned to the Miami, Florida, Field Division since February 2015. I have participated in and have conducted investigations which have resulted in the arrests of individuals who have smuggled, received, and distributed controlled substances as well as the seizure of illegal drugs and proceeds from the sale of those illegal drugs.

2.      This affidavit is submitted in support of a criminal complaint against defendants Donald HIGGS III, a/k/a, "DJ" ("HIGGS") and Garth EWING ("EWING") for conspiracy to distribution of a controlled substance, in violation of Title 21, United States Code, Section 846. Since this affidavit is submitted for the limited purpose of demonstrating probable cause that defendants HIGGS and EWING committed the offense stated herein, I have not included every fact known to me concerning this investigation.

3.      Based upon information obtained throughout this investigation, as discussed in this affidavit, the evidence shows that HIGGS and EWING conspired to distribute cocaine in Broward County, Florida.

4.      In March 2022, an undercover ("UC") officer contacted an individual with initials D.M. to inquire about purchasing kilograms of cocaine. During a recorded phone call, the UC and D.M. discussed a five-kilogram transaction. Shortly thereafter, D.M. telephonically introduced the UC to his nephew, "DJ", who was using telephone number (954) 310-2460. DJ was later identified as Donald HIGGS III ("HIGGS"). On March 17, during a three-way call between the UC, D.M., and HIGGS, HIGGS stated the price for a kilogram of cocaine was $27,000 in United States currency. D.M. added the price would be lowered to $26,000 per kilogram for the purchase of five

kilograms. The UC and HIGGS agreed to meet later the same day in Fort Lauderdale, Florida to complete the transaction. Ultimately, the deal was not completed.

5.     On March 24, 2022, the UC received a video message from HIGGS' number showing approximately 5 kilograms of suspected cocaine. The UC and HIGGS agreed to meet the following day to complete the transaction.

6.     On March 25, 2022, the UC met with HIGGS and another individual, later identified as Garth EWING ("EWING"), in Fort Lauderdale, Florida for the purpose of purchasing 5 kilograms of suspected cocaine in exchange for $25,000 USC per kilogram. Law enforcement observed HIGGS exit a silver Ford Fiesta and approach the UC vehicle to greet the UC. The UC and HIGGS walked to the Fiesta together. The UC entered the front passenger seat while HIGGS occupied the rear passenger seat. The UC observed EWING in the front driver seat.

7.     HIGGS handed a box to EWING and EWING opened the box exposing approximately one kilogram of suspected cocaine. EWING offered to cut into the kilogram and asked the UC for a knife. EWING made an incision into the suspected cocaine and removed a white powdery substance with the knife. EWING handed the knife containing the suspected cocaine to the UC, who placed the substance into a NARK II field-test kit. The white powdery substance field-tested positive for cocaine. The UC asked HIGGS to confirm if he was in possession of the additional four kilograms. EWING responded there was an additional vehicle nearby in order to separate the kilograms. The UC exited the vehicle. Law enforcement officers in unmarked vehicles with police lights flashing, approached the Fiesta, attempting to make contact with HIGGS and EWING. EWING drove away from the scene.

8.     EWING and HIGGS then abandoned the car and attempted to flee on foot. They were located and placed under arrest.

9.    The kilogram of suspected cocaine was left behind inside the Fiesta. A second field test was conducted and tested positive for caffeine. Law enforcement officers located a small clear plastic baggie in the driver side door of the vehicle containing a white powdery substance, which field-tested positive for cocaine.

10.    HIGGS was advised on his *Miranda* rights, which he waived. HIGGS stated his uncle, D.M., owed a $20,000 debt to another individual. D.M. telephonically introduced HIGGS to an individual who wanted to purchase kilograms of cocaine. HIGGS said the money earned from the sale of cocaine would help D.M. with the debt. HIGGS stated he attempted to acquire kilograms of cocaine from unidentified individuals, however, he was unsuccessful in acquiring five real kilograms of cocaine. HIGGS paid an unknown individual $1,000 for five fake kilograms of cocaine. HIGGS admitted to purchasing a small amount of real cocaine to place into the fake cocaine for the purpose of tricking the buyer. HIGGS said he used telephone number (954) 310-2460 to arrange the transaction.

11.    Both the transaction and the interview with HIGGS were recorded.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Jamey R. Gavalier, Special Agent
Drug Enforcement Administration

Subscribed to and sworn before me by FACETIME video
this _25th_ day of March, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 22-MJ-6139-AOV

### BOND RECOMMENDATION

DEFENDANT: Donald Higgs III

Pretrial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)


By: _____

AUSA:   ANITA WHITE


Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   SA Jamey Gavalier

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

954-547-2830

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 22-MJ-6139-AOV

### BOND RECOMMENDATION

DEFENDANT: ___      ___GARTH EWING___

Pretrial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   ANITA WHITE

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):      SA Jamey Gavalier
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
954-547-2830